UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

Wanda Cowart,                                                    Civil No. 14-4422 ADM/HB

      Plaintiff,

vs.                                                              **ORDER**

Northstar Bullion Exchange, LLC,

      Defendant.
_____

This matter came before the undersigned United States District Judge pursuant to Plaintiff Wanda Cowart's ("Cowart") Motion for Entry of Default Judgment (ECF Document No. 15) against Defendant Northstar Bullion Exchange, LLC pursuant to Rule 55 of the Federal Rules of Civil Procedure.

All appearances were noted on the record.

Now, based on the presentation of counsel, the Memorandum of Law, Affidavits and Exhibits submitted in support of the Motion and all the files, records, and proceedings herein, the Court, being fully advised in the premises, makes the following Findings of Fact, Conclusions of Law and Order:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1.    Defendant Northstar Bullion Exchange, LLC ("Northstar") is a Minnesota limited liability company doing business in Minnesota, with a principal office address of 200 Highway 13, Suite 100, Burnsville, Minnesota 55337 and a registered office where it may be served with process located at the same.

2. Plaintiff Wanda Cowart, born January 6, 1943, is a resident of Florida with her primary residence located at 1575 Cypress Lake Road, Lake Wales, Florida 33898.

3. On approximately September 15, 2012, Cowart withdrew 3,958.9 ounces of .999 pure silver bullion ("Silver Bullion") from her Goldstar Trust Company ("Goldstar") Individual Retirement Account. At the time of the withdrawal, Goldstar issued a receipt for $133,217.00.

4. Almost immediately after Cowart withdrew her Silver Bullion from Goldstar, she was contacted by Ira Sims, an employee of Northstar.

5. Mr. Sims proposed that Cowart make a purportedly like-value exchange ("Proposed Exchange") of her Silver Bullion for 3,684 Morgan and Peace coins (the "Coins"). Mr. Sims warranted to Cowart that the Coins were .90 silver, rare, held a numismatic value, and were in good condition.

6. Cowart believed she had reached an agreement with Northstar to have them "review" her coins at its office. Cowart sent her Silver Bullion to Northstar for review.

7. Without Cowart's permission, Northstar kept her Silver Bullion and shipped her the Coins.

8. On approximately September 15, 2012, Cowart received Northstar's Coins. The Coins came in eight buckets, one of which was damaged.

9. Cowart's son, Steven Strickland, reviewed the Coins in the damaged bucket and determined they were in poor condition.

10. That same day, Mr. Strickland informed Northstar that Cowart never agreed to exchange her Silver Bullion for the Coins she received and that the Coins were in poor condition.

11. Since September 15, 2012, Northstar has not responded to Cowart and Mr. Strickland's attempts to contact them. Cowart did occasionally receive a phone message from Northstar while she was at work, but no messages were left.

12. On November 13, 2012, Mr. Strickland took the coins to Sanders Jewelry Company in Deland, Florida, to have them appraised (the "First Sanders Appraisal"). The First Sanders Appraisal revealed that the Coins had no numismatic value, were considered to be scrap metal coins, were not in good condition, and held a value of $91,689.35 as of the date of the Appraisal.

13. On March 11, 2013, Mr. Strickland took the damaged bucket of coins to Ron's Coins in Eustis, Florida (the "Ron's Coins Appraisal"). The Ron's Coins Appraisal reviewed four-hundred (400) of the coins and determined that those Coins were worth approximately $8,000.00, coming to a per Coin appraisal value of $20.00. The Ron's Coins Appraisal was based on the $29.98 silver spot market price index on March 11, 2013.

14. On March 31, 2015, Mr. Strickland returned to Sanders Jewelry Company for a second appraisal (the "Second Sanders Appraisal"). The Second Sanders Appraisal reviewed the entire Coin collection and determined that they were worth $55,407.36. The Second Sanders Appraisal was based on the $15.04 silver spot market price index on March 31, 2015.

15. Northstar did not return Cowart's Silver Bullion nor compensate her for the difference in value between her Silver Bullion and the value of the Coins. As a result, Cowart no longer possesses her Silver Bullion. Instead, she is currently in possession of Coins that are worth $77,809.64 less than the value of her Silver Bullion when she intended to sell it in September, 2012.

## CONCLUSIONS OF LAW

16. Cowart commenced the above-captioned lawsuit by filing a copy of the Summons and Complaint on October 20, 2014.

17. Northstar was properly served with the Summons and Complaint in this matter on October 21, 2014 and October 31, 2014.

18. Northstar has not served a proper answer or otherwise pleaded in response to the Complaint within 21 days as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(1)(A)(i) ("[a] defendant must serve an answer within 21 days after being served with the summons and complaint"). Pursuant to Fed. R. Civ. P. 55(a), default judgment is proper in this matter. Default is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . ." *Id.*

19. By failing to answer the complaint within the required timeframe, the facts alleged therein are accepted as true on a motion for entry of default judgment. *Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) ("A default judgment entered by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint") *citing Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988); *see also* Fed. R. Civ. P.

4

55(b)(2). Therefore, all of the facts and allegations against Northstar are hereby deemed admitted and taken as true.

20. Because this is a diversity action pursuant to 28 U.S.C. § 1332, the substantive law of the State of Minnesota controls. "In diversity cases, we apply the substantive law of the state in which the district court sits." *General Elec. Capital Corp. v. Union Planters Bank, N.A.*, 409 F.3d 1049, 1053 (8th Cir. 2005) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed 1188 (1938)).

21. Cowart has provided evidence that Northstar's collective acts are in violation of the Uniform Deceptive Trade Practices Act, codified as Minn. Stat. §§ 325D, 325F. Specifically, Northstar violated three different acts of Minn. Stat. § 325D.44 when it "(1) represent[ed] that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; (2) represent[ed] that goods . . . ha[d] characteristics . . . uses, benefits, or quantities that they do not have . . . ; [and] (3) engage[d] in other conduct that created a likelihood of confusion or misunderstanding." Northstar violated Minn. Stat. § 325F because it "knowingly deceived" a senior citizen, defined as "a person who is 62 years of age or older."

22. Cowart has provided evidence that Northstar breached its warranty with her. *See Bayside Holdings, Ltd. v. Viracon, Inc.*, 709 F.3d 1225, 1228 (8th Cir. 2013) (quoting *Peterson v. Bendix Home Sys., Inc.*, 318 N.W.2d 50, 50-53 (Minn. 1982) ("to establish a warranty claim the plaintiff must basically prove: [1] the existence of a

warranty, [2] a breach, and [3] a casual link between the breach and the alleged harm.")).

23.     Cowart has provided evidence that Northstar's collective acts are fraudulent. *See Meecorp Capital Markets, LLC v. PSC of Two Harbors, LLC*, 776 F.3d 557, 562 (8th Cir. 2015) (fraud is established by: "(1) a false representation of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made without knowing whether it was true or false; (3) with the intention to induce action in reliance thereon; (4) the representation proximately caused action in reliance thereon; and (5) pecuniary damages as a result of the reliance") (citing *U.S. Bank N.A. v. Cold Spring Granite Co.*, 802 N.W.2d 363, 373 (Minn. 2011)); *Vandeputte v. Soderholm*, 298 Minn. 505, 216 N.W.2d 144, 146 (1974). "Fraud may also be established by concealment of the truth." *Meecorp Capital Markets, LLC*, 776 F.3d at 562 (quoting *Cold Spring Granite Co.*, 802 N.W.2d at 373).

24.     Cowart has provided evidence that Northstar's collective acts constitute fraudulent inducement. The elements for fraudulent inducement are essentially the same as those for fraud. *See Lahti v. Countrywide Bank, FSB*, Civ. No. 0:12-cv-00629-ADM-FLN, 2012 WL 4815075 at *5 (D. Minn. Oct. 10, 2012) (citing *Vandeputte v. Soderholm*, 216 N.W.2d 144, 146 (Minn. 1974)). "Moreover, a fraud in the inducement claim succeeds only when the defendant has not met the obligations of the contract." *Lahti*, 2012 WL 4815075 at *5 (citing *Wixon Jewelers, Inc. v. Di-Star, Ltd.*, 218 F.3d 913, 914 (8th Cir. 2000)); *Vandeputte*, 216 N.W.2d at 147; *ADT Sec.*

*Svcs., Inc.*, Civ. No. 7-2983, 2011 WL 4396918, at *6 (D. Minn. Sept. 21, 2011) ("[A] party's compliance with contractual obligations is a relevant factor in evaluating claims for fraudulent inducement.").

25. Cowart has provided evidence that Northstar's collective acts are negligent. *In re Target Corp. Data Sec. Breach Litigation*, MDL No. 14-2522-PAM-JJK, 2014 WL 7192478 at *14 (8th Cir. Dec. 18, 2014) (citing *Schmanski v. Church of St. Casimir of Wells*, 243 Minn. 289, 67 N.W.2d 644, 646 (1954) (A plaintiff must satisfy four elements to succeed on a claim of negligence: (1) duty; (2) breach; (3) causation; and (4) injury)).

26. Cowart has provided evidence that Northstar's collective acts constitute negligent misrepresentation. *See Kichler v. Wells Fargo Bank, N.A.*, Civ. No. 0:12-cv-01206-JRT-AJB, 2013 WL 4050204 at *7 (D. Minn. Aug. 9, 2013) (*quoting Williams v. Smith*, 820 N.W.2d 807, 815 (Minn. 2012)). "The essential question in determining whether a defendant owes a duty is 'whether the plaintiff's interests are entitled to legal protection against the defendant's conduct.'" *Kichler,* 2012 WL 4050204, at *7 (quoting *Safeco Ins. Co. of Am. v. Dain Bosworth Inc.*, 531 N.W.2d 867, 871 (Minn. Ct. App. 1995) (The elements of negligence are: "(1) a duty of care owed by the defendant to the plaintiff; (2) the defendant supplies false information to the plaintiff; (3) justifiable reliance upon the information by the plaintiff; and (4) failure by the defendant to exercise reasonable care in communicating the information.")); *L&H Airco, Inc. v. Rapistan Corp.*, 446 N.W.2d 372, 378 (Minn. 1989). Once a plaintiff has established that the defendant owed a duty, the plaintiff must establish that the

7

defendant supplied false information to the plaintiff. "The defendant can supply false information [']either (1) by an affirmative statement that is itself false or (2) by concealing or not disclosing certain facts that render the facts that are disclosed misleading.[']" *Kichler*, 2012 WL 4050204 at *7 (quoting *M.H. v. Caritas Family Servs.*, 488 N.W.2d 282, 289 (Minn. 1992)).

27. Cowart is entitled to her reasonable attorneys' fees pursuant to Minn. Stat. §§ 325D.45, subd. 2 ("[c]osts shall be allowed to the prevailing party unless the court otherwise directs. The court may award attorneys' fees to the prevailing party . . . [if] the party charged with a deceptive trade practice has willfully engaged in the trade practice knowing it to be deceptive.") and 325F.71, subd. 4. (Providing for "costs and disbursements, including costs of investigation and reasonable attorney's fees, and [the receipt of] other equitable relief as determined by the court."). As of April 2, 2015, Cowart has provided sufficient evidence to support that she has incurred $15,000 in reasonable and necessary attorneys' fees to obtain default judgment in this matter.

28. Cowart is entitled to her costs and disbursements in the amount of $1,132.55 pursuant to Minn. Stat. § 325D.45, subd. 2 and Minn. Stat. § 325F.71, subd. 4. Cowart's costs and disbursements are reasonable and necessary to obtain default judgment in this matter.

29. Cowart is entitled to pre- and post-judgment interest pursuant to Minn. Stat. § 549.09. Minn. Stat. § 549.09 allows interest to be computed "from the time of the commencement of the action . . ." *Id.* The Court Administrator shall calculate the interest at the appropriate statutory rate.

## ORDER FOR JUDGMENT

Judgment is hereby awarded in favor of Plaintiff Wanda Cowart against Defendant Northstar Bullion Exchange, LLC on its claims and in the amount of ninety-eight thousand, five hundred twenty-five dollars and ninety-nine cents ($98,525.99), which includes Plaintiff's attorneys' fees, and costs and disbursements plus appropriate interest accruing at the appropriate statutory rate as determined by the Court Administrator.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 22, 2015.